UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>LANE WYMAN,<br><br>                Defendant. | NO. 2:99-cr-02009-SAB<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** |

Before the Court is Defendant's Amended 28 U.S.C. § 2255 Motion to Vacate Sentence, ECF No. 98, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015). The motion was heard without oral argument.

On June 9, 1999, Defendant pled guilty to Count 1 of the Information Superseding Indictment charging him with Second Degree Murder in violation of 18 U.S.C. §§ 1153, 1111. ECF No. 72. Pursuant to the plea agreement, the Government recommended a sentence at the low-end of the guideline range or twenty years, whichever greater. ECF No. 73. On November 23, 1999, the Court sentenced Defendant to 262 months imprisonment after finding that Defendant's base offense level was 37 due to his prior felony convictions for residential burglary and third degree assault, both constituting crimes of violence under U.S.S.G. § 4B1.1. After applying a three-point reduction for acceptance of responsibility, the Court determined that Defendant's Total Offense Level was 34

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** + 1

and his Criminal History Category VI, resulting in a sentence guideline range of 262-327 months. ECF No. 87.

Under 28 U.S.C. § 2255, the federal district court reviews the motion, attached exhibits, and the record of prior proceedings to determine if these documents "conclusively show that the prisoner is entitled to no relief." If no relief is available, the petition is dismissed; otherwise, "the court shall cause notice thereof to be served upon the United States Attorney." *Id.* Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court may, *sua sponte*, dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." However, if the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." The Court has now had an opportunity to review Defendant's motion. Having done so, the Court concludes that the pertinent documents conclusively demonstrate that Defendant is entitled to no relief under 28 U.S.C. § 2255.

A one-year statute of limitations applies to 28 U.S.C. § 2255 motions. That limitation period begins to run from the latest of (1) "the date on which the judgment of conviction became final"; or (2) "the date on which the right newly asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* §§ 2255(f)(1), (f)(3). The *Johnson* opinion, on which Defendant relies, was issued on June 26, 2015, *see* 135 S. Ct. 2251, and made retroactive by the Supreme Court on April 18, 2016, *see Welch v. United States*, 136 S. Ct. 1257 (2016). The Supreme Court has recognized that the applicable date on which the one-year statute of limitation begins to run is the date on which the right asserted was initially recognized by the Supreme Court, not the

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** – 2

date on which it was made retroactive. *Dodd v. United States*, 545 U.S. 353 (2005); *see also Orona v. United States*, 826 F.3d 1196, 1198 (9th Cir. 2016) (stating that the one-year statute of limitation in § 2255 motions predicated on *Johnson* runs from June 26, 2015, the date the opinion was issued). While the Court recognized that its ruling may have the potential for harsh results, it heeded that it is Congress's duty to amend the statute. *Dodd*, 545 U.S. at 359-60. Accordingly, to be timely, Defendant had to file his § 2255 motion within one year of the Supreme Court's decision in *Johnson*: June 26, 2016.

Defendant was convicted on August 31, 1999. No appeal was taken and his judgment of conviction became final. Defendant filed a pro se Motion for Resentencing in light of *Johnson* on April 17, 2017. ECF No. 93. An amended motion was filed on August 1, 2017. ECF No. 98. Because Defendant's § 2255 motion was not filed until April 17, 2017, approximately ten months after the expiration of the one-year deadline, his motion is time-barred.

Accordingly, **IT IS HEREBY ORDERED:**

1. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, Defendant's Motion for Resentencing, ECF No. 93, and Amended 28 U.S.C. § 2255 Motion to Vacate Sentence, ECF No. 98, are **DENIED**.

The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** this file.

**DATED** this 4th day of August, 2017.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** + 3