PROB 12C
(6/16)

Report Date:  December 8, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 08, 2020

SEAN F. MCAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Lane Wyman                    Case Number: 0980 2:99CR02009-SAB-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Fred Van Sickle, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Stan A. Bastian, Chief U.S. District Judge

Date of Original Sentence: August 31, 1999

| | | |
|---|---|---|
| Original Offense: | Second Degree Murder, 18 U.S.C. § 1111 | |
| Original Sentence: | Prison - 262 months<br>TSR - 60 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Meghan McCalla | Date Supervision Commenced: September 8, 2020 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: September 7, 2025 |

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #14**: The defendant shall not consume alcohol or drugs and participate in any drug testing and treatment directed by his probation officer. |

**Supporting Evidence**: Mr. Wyman is considered to be in violation of his supervised release conditions by consuming a controlled substance, suboxone, on or about September 30, 2020.

Per COVID-19 procedures, Mr. Wyman's conditions of supervised release were verbally reviewed with him on September 11, 2020. He verbally acknowledged an understanding of his conditions, which includes special condition number 14, as noted above. He was provided with a copy of the signed judgment via email.

On September 8, 2020, Mr. Wyman released from Bureau of Prisons' custody and entered a substance abuse inpatient treatment program at James Oldham Treatment Center.

On September 30, 2020, Mr. Wyman contacted this officer by telephone and self-disclosed he consumed suboxone that was not prescribed to him.  He was then unsuccessfully discharged from the inpatient treatment program.

Prob12C
**Re: Wyman, Lane**
**December 8, 2020**
**Page 2**

2          <u>**Special Condition #14**</u>: The defendant shall not consume alcohol or drugs and participate in any drug testing and treatment directed by his probation officer.

<u>**Supporting Evidence**</u>: Mr. Wyman is considered to be in violation of his supervised release conditions by consuming a controlled substance, methamphetamine, on November 9, 2020.

Per COVID-19 procedures, Mr. Wyman's conditions of supervised release were verbally reviewed with him on September 11, 2020. He verbally acknowledged an understanding of his conditions, which includes special condition number 14, as noted above. He was provided with a copy of the signed judgment via email.

On November 9, 2020, Mr. Wyman submitted to random urinalysis (UA) testing at Merit Resource Services (Merit) that was presumptive positive for methamphetamine. The sample was sent to Alere Toxicology Services for confirmation testing. Mr. Wyman contacted this officer by telephone and self-disclosed he consumed methamphetamine.

On November 14, 2020, Alere Toxicology Services confirmed the urine sample was positive for the presence of methamphetamine.

3          <u>**Special Condition #14**</u>: The defendant shall not consume alcohol or drugs and participate in any drug testing and treatment directed by his probation officer.

<u>**Supporting Evidence**</u>: Mr. Wyman is considered to be in violation of his supervised release conditions by failing to submit to random UA testing on November 18 and 24, 2020.

Per COVID-19 procedures, Mr. Wyman's conditions of supervised release were verbally reviewed with him on September 11, 2020. He verbally acknowledged an understanding of his conditions, which includes special condition number 14, as noted above. He was provided with a copy of the signed judgment via email.

On September 11, 2020, Mr. Wyman reviewed and signed the substance abuse testing instructions acknowledging his understanding of the testing program. He was instructed to call the Merit colorline system and to report for UA testing when his color is called.

On November 19, 2020, Merit advised Mr. Wyman did not show up for UA testing on November 18, 2020.

On November 25, 2020, Merit advised Mr. Wyman did not show up for UA testing on November 24, 2020.

On December 2, 2020, Mr. Wyman admitted to this officer that he failed to show up to Merit for UA testing on the dates noted above as he did not have transportation.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

**Prob12C**
**Re: Wyman, Lane**
**December 8, 2020**
**Page 3**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    12/08/2020

s/Arturo Santana

Arturo Santana
U.S. Probation Officer

THE COURT ORDERS

[  ]    No Action
[  ]    The Issuance of a Warrant
[X]    The Issuance of a Summons
[  ]    Other

Signature of Judicial Officer

12/9/2020

Date