PROB 12C
(6/16)

Report Date: January 4, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 04, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Lane Wyman | Case Number: 0980 2:99CR02009-SAB-1 |
| Address of Offender: | |

Name of Sentencing Judicial Officer:  The Honorable Fred Van Sickle, Senior U.S. District Judge

Name of Supervising Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: August 31, 1999

| | | | |
|---|---|---|---|
| Original Offense: | Second Degree Murder, 18 U.S.C. § 1111 | | |
| Original Sentence: | Prison - 262 months<br>TSR - 60 months | Type of Supervision: Supervised Release | |
| Asst. U.S. Attorney: | Michael D. Murphy | Date Supervision Commenced: September 8, 2020 | |
| Defense Attorney: | Robin C. Emmans | Date Supervision Expires: September 7, 2025 | |

### PETITIONING THE COURT

To issue a warrant and to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 12/08/2020.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 4 | **Mandatory Condition #2**: The defendant shall not commit another federal, state, or local crime.<br><br>**Supporting Evidence**: Mr. Wyman is considered to be in violation of his supervised release conditions by being arrested on December 31, 2020, for third degree assault and resisting arrest.<br><br>Per COVID-19 procedures, Mr. Wyman's conditions of supervised release were verbally reviewed with him on September 11, 2020. He verbally acknowledged an understanding of his conditions, which includes mandatory conditions number 2, as noted above. He was provided with a copy of the signed judgment via email.<br><br>On December 31, 2020, at approximately 9:34 a.m., Washington State Patrol communication requested that trooper Lamay assist Union Gap officers with a traffic stop.  The vehicle was parked at the Denny's restaurant parking lot in a no parking zone. The vehicle had come to rest with the passenger wheels on the sidewalk.  The driver was unconscious in the vehicle. Trooper Lamay was requested to assist the officers using his Drug Recognition Expert (DRE) training. |

Prob12C
Re: Wyman, Lane
January 4, 2021
Page 2

Trooper Lamay arrived on the scene and observed that fire personnel had already been requested. Medics were evaluating a native American male who appeared to be asleep. The male was slumped over on the driver's seat and was not responding to the medics. Union Gap Officer Dunsmore explained he observed open containers in the vehicle, but could not smell any intoxicants. Officer Dunsmore suspected the driver was under the influence of a drug and that was why he had requested a DRE.

Trooper Lamay contacted the driver's door alongside the medics. The medics were checking the driver's blood sugar. He observed that this was not a blood sugar issue. As the medics asked the driver questions, his speech was low and raspy. He appeared to be on the "NOD." This is a characteristic with someone who had consumed a narcotic or the downside of a central nervous system (CNS) stimulant. His mannerisms were not of a diabetic issue.

Trooper Lamay asked the driver, Lane Wyman DOB 03/16/1972, what drugs he had consumed. Mr. Wyman stated "I took nothing." The trooper explained he was concerned for his well-being. He did not want him to "crash" on them. He asked Mr. Wyman how long ago he had used methamphetamine, and he stated he had not. Mr. Wyman continued to go unconscious as they talked to him. His vehicle was filled with potential weapons within arm's reach.

Mr. Wyman was told to exit the vehicle. Trooper Lamay explained that medics needed to look at him and he was concerned about his well-being. After asking several times, the trooper explained that if he was not going to exit the vehicle, then he was going to remove him. Mr. Wyman became hostile, cyclic and stated he would have to be removed. The trooper controlled Mr. Wyman's left arm using a staring arm bar using the vehicle "B" post. Mr. Wyman was again directed to get out of the vehicle.

Mr. Wyman resisted and the trooper began to pull his arm from the vehicle with force. As the trooper did this, he observed a large 10 to 12-inch straight blade knife fall to the ground.

The knife had been concealed in Mr. Wyman's lap as he was bent forward. If the officers were to stand in the doorway facing him, Mr. Wyman would have had the opportunity to stab Trooper Lamay with the unsheathed hunting style knife.

Mr. Wyman was extracted from the vehicle by Trooper Lamay, Officer Dunsmore and several fire fighters. As they struggled with Mr. Wyman, he was able to kick Trooper Lamay on the left side of his face with his foot. Mr. Wyman was then taken to the ground and a ground struggle occurred. Trooper Lamay told Mr. Wyman to put his hands behind his back and that he was under arrest. He continued to fight with the officers as they dog piled him to gain control. After a short struggle, they were able to place handcuffs on Mr. Wyman and roll him onto his back. Mr. Wyman was read his Miranda warnings and he stated to understand. Trooper Lamay explained to Mr. Wyman that he was under arrest for third degree assault and resisting arrest. Mr. Wyman did not complain of any injuries at the time of arrest.

During transport to the jail, Mr. Wyman stated he did not remember anything. Mr. Wyman stated he suffers from depression and uses methamphetamine to treat the depression. Mr. Wyman stated he used methamphetamines that morning and uses on a daily basis. Mr. Wyman was booked into the Yakima County Jail.

Prob12C
**Re: Wyman, Lane**
**January 4, 2021**
**Page 3**

    5    <u>**Special Condition # 14**</u>: The defendant shall not consume alcohol or drugs and participate in any drug testing and treatment directed by his probation officer.

    <u>**Supporting Evidence**</u>: Mr. Wyman is considered to be in violation of his supervised release conditions by failing to submit to random urinalysis (UA) testing on December 7, 17, 21, and 29, 2020.

    Per COVID-19 procedures, Mr. Wyman's conditions of supervised release were verbally reviewed with him on September 11, 2020. He verbally acknowledged an understanding of his conditions, which includes special condition number 14, as noted above. He was provided with a copy of the signed judgment via email.

    On September 11, 2020, Mr. Wyman reviewed and signed the substance abuse testing instructions acknowledging his understanding of the testing program. He was instructed to call the Merit Resource Services (Merit) color line system and to report for UA testing when his color was called.

    On December 8, 2020, Merit advised Mr. Wyman did not show up for UA testing on December 7, 2020.

    On December 18, 2020, Merit advised Mr. Wyman did not show up for UA testing on December 17, 2020.

    On December 21, 2020, Mr. Wyman was instructed by his probation officer to submit to UA testing at Merit after his initial appearance in Magistrate Court on the petition dated December 8, 2020, as he was in Yakima, Washington, with transportation.

    On December 30, 2020, Merit advised Mr. Wyman did not show up for UA testing on December 21 and 29, 2020.

The U.S. Probation Office respectfully recommends the Court to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court, and that the Court issue a warrant.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on:    01/04/2021

    s/Arturo Santana

    Arturo Santana
    U.S. Probation Officer

Prob12C
Re: Wyman, Lane
January 4, 2021
Page 4

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

*Stanley A. Bastian*

Signature of Judicial Officer

1/4/2021

Date